■ LIVIA DANESI et al., Respondents, v LOWES/CHARTWELL THEATRES, INC., Respondent, and UNITED SKATES OF AMERICA, INC., Appellant.—Order unanimously reversed on the law without costs and motion of defendant United Skates of America, Inc. granted. Memorandum: Plaintiffs were injured when a group of 30 to 50 unruly teen-agers forced their way into a movie theatre on the evening of December 25, 1985. Plaintiff Livia Danesi alleged that she was pushed against a wall and knocked to the floor in the lobby of the theatre. Her husband, Joseph Danesi, alleged that he was injured when a group of four teen-agers jumped on top of him as he sat in his seat in the last row of the theatre. Plaintiffs also alleged that the teen-agers had been turned away from a nearby roller-skating

rink when the rink reached capacity on a special "discount night". Defendant United Skates of America, Inc., owner of the roller rink, moved for summary judgment, arguing that it had no duty to control the off-premises behavior of its customers or potential customers. Special Term denied the motion, and we now reverse.

The duty to control others arises only where the " 'relationship between the defendant and the person who threatens the harm to the third person may be such as to require the defendant to attempt to control the other's conduct' ", or the " 'relationship between defendant and the person exposed to the harm * * * requires the defendant to afford protection from certain dangers including the conduct of others' " *(Pulka v Edelman,* 40 NY2d 781, 783, quoting Harper and Kime, *Duty to Control the Conduct of Another,* 43 Yale L J 886, 887-888). No such relationship exists here between defendant roller rink and its off-premises patrons or between defendant and the patrons of a nearby movie theatre. Furthermore, no duty to plaintiffs is created by defendant's conduct in distributing discount passes to local high school students or by its knowledge that teen-age patrons had previously become unruly. "Foreseeability of harm is alone not enough" to create a duty *(D'Amico v Christie,* 71 NY2d 76, 87); it merely determines the scope of duty "after it has been determined that there is a duty" *(Pulka v Edelman, supra,* at 785). Since defendant roller rink owed no duty to plaintiffs, the motion for summary judgment dismissing plaintiffs' complaint as to this defendant must be granted. (Appeal from order of Supreme Court, Monroe County, Tillman, J.—summary judgment.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ.